# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY S. VAN HUISEN,<br><br>　　　　Plaintiff(s)/Petitioner(s)<br><br>v.<br><br>FEC - DIRECTOR, ET AL.,<br><br>　　　　Defendant(s)/Respondent(s) | Case No.　CV 25-8496-CV(E)<br><br>REPORT AND RECOMMENDATION ON REQUEST TO PROCEED *IN FORMA PAUPERIS*<br><br>CIVIL RIGHTS, HABEAS, AND SOCIAL SECURITY |

The Court has reviewed the Request to Proceed *In Forma Pauperis* and the documents submitted with it. On the question of indigency, the Court finds that Plaintiff/Petitioner:

- [x] is not able to prepay the full filing fee.
- [ ] is able to prepay the full filing fee.
- [ ] did not submit a request.
- [ ] has not submitted enough information for the Court to determine if Plaintiff/Petitioner is able to prepay the full filing fee.

**IT IS RECOMMENDED** that the Request to Proceed *In Forma Pauperis* be **DENIED** for the following reason(s):

- [ ] Inadequate showing of indigency.
- [ ] Failure to authorize disbursements from prison trust account to pay the filing fees.
- [ ] Failure to provide certified copy of trust fund statement for the last six (6) months.
- [ ] District Court lacks jurisdiction.
- [ ] The Clerk sent a warning letter to Plaintiff/Petitioner advising that failure to submit application to proceed IFP or pay the filing fee would result in dismissal of this case. More than 30 days have passed, and the deficiency has not been corrected.
- [x] Frivolous, malicious, or fails to state a claim upon which relief may be granted.
- [ ] Seeks monetary relief from a defendant immune from such relief.
- [x] Leave to amend would be futile.
- [x] This denial may constitute a strike under the "Three Strikes" provision governing the filing of prisoner suits. *See O'Neal v. Price,* 531 F.3d 1146 (9th Cir. 2008); 28 U.S.C. § 1915(g).
- [x] As explained in the attached statement.
- [ ] The Court previously deferred ruling and gave Plaintiff/Petitioner 30 days to provide the missing and/or additional information, but either none was submitted timely or it was still insufficient.

- [ ] Other:

The parties are not entitled to file written objections to the Magistrate Judge's recommendation regarding the Request. *See Minetti v. Port of Seattle,* 152 F.3d 1113 (9th Cir. 1998) (per curiam). The Report and Recommendation will be sent to the District Judge for consideration.

Dated:　October 14, 2025　　　　　　　　　　　　　By: _____

　　　　　　　　　　　　　　　　　　　　　　　　　　　HON. CHARLES F. EICK
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

VAN HUISEN v. FED
CV 25-8496-CV(E)
ATTACHMENT

For the reasons set forth herein, the proposed Complaint is frivolous.  See 28 U.S.C. § 1915; Neitzke v. Williams, 490 U.S. 319, 325 (1989).

The proposed Complaint is a rambling, confused and mostly unintelligible stream of consciousness.  "Claim I" begins "Bill of Indictment," followed by excerpts from the Declaration of Independence.  Under "Supporting Facts," Plaintiff begins, "Monroe Act, Civil Rico, Inconvenient forum such as:  a collection of unlawful debt retaliation - vis major coordinate interim dividend a separate and equal station.  Rite of passage no obstruction of common law in reversion."  The Complaint goes on in a similarly indecipherable vein for dozens of pages.  As relief, Plaintiff prays for "Power to the People the Golden Mean."

Under Rule 8(a) of the Federal Rules of Civil Procedure,  a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. Proc. 8(d)(1).  Conclusory allegations are insufficient.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 686 (2009).  "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000) (citations and quotations omitted).

The proposed Complaint does not allege how any of the named Defendants (including "FEC," "House of Representatives," "Donald Trump" and "Williams Gates Junior") violated any right of Plaintiff.  One cannot determine what occurred to give rise to Plaintiff's claims, what those claims are, or what any Defendant purportedly did or not do to give rise to this action.  Plaintiff does not allege how any Defendant supposedly harmed Plaintiff.  Thus, the Complaint wholly fails to comply with Rule 8.  See Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, 637 F.3d 1047, 1058-59 (9th Cir. 2011) (under Rule 8 court may dismiss confused, ambiguous and unintelligible pleading); McHenry v. Renne, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (upholding dismissal of complaint which was "argumentative, prolix, replete with redundancy and largely irrelevant"); Heizelman v. Otter, 2010 WL 4225806, at *2 (S.D. Cal. Oct. 21, 2010) (complaint consisting of a "running, stream-of-consciousness commentary of grievances against various parties, with no unifying theme or discernable legal claims," was "patently inadequate"); see also Ashcroft v. Iqbal, 556 U.S. at 678 (plaintiff must allege more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"; pleading that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do").

Given the tenor of the proposed Complaint, it is manifest that amendment would be futile.